[Crim. No. 1263.   Fourth Dist.   Aug. 4, 1960.]

THE PEOPLE, Respondent, v. MANUEL MORENO RENTERIA, Appellant.

Patrick E. Duggan, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Appellant appeals from a judgment of conviction of assault with intent to commit murder, a violation of section 217 of the Penal Code. The defendant had pleaded not guilty and not guilty by reason of insanity, and after separate trials the jury returned verdicts finding that the defendant was guilty of the offense charged and that he was sane at the time of the commission of the offense.

The instant offense occurred on November 11, 1958, in Tulare County. Two highway patrolmen observed defendant driving north on Highway 99 and caused him to stop by use of their red light. As the highway patrolmen stopped their car behind the defendant's car, he alighted from his car and drew a pistol. The officers called on him to throw away the pistol and the defendant responded by firing upon the officers and fleeing across a field. The officers pursued him and, after a lengthy chase and an exchange of shots, the defendant was wounded and indicated willingness to surrender. He was then taken into custody.

At the time of the defendant's arraignment in the superior court, the court appointed two psychiatrists to examine him and determine his present mental condition and his mental condition at the time of the offense charged. These psychiatrists were instructed to report their findings to the court before the commencement of the defendant's trial. The contents of their reports are not disclosed by the record but during the trial of the issue of defendant's sanity at the time of the commission of the offense charged, both psychiatrists testified that defendant was, in their opinion, legally insane both at the time of the commission of the offense and at the time of trial. During the presentation of the defense case at the trial

of the issue of defendant's guilt, the assistant public defender who was representing the defendant called him to the stand in an audible tone. The defendant remained seated at the counsel table and gave no indication that he had heard his attorney. The defense then rested. Both sides completed their arguments to the jury. The court instructed the jury and the jury retired to deliberate upon the case. Shortly thereafter the jury was called to the courtroom and in the presence of counsel, defendant and the jury, the court stated:

". . . let the record show that the court has at this time had the jury recalled to the court prior to verdict for proceedings under section 1368 of the Penal Code. And, let it appear that a doubt has arisen in the mind of the Court as to the present sanity of the defendant, and accordingly, it is ordered that the question of this defendant's sanity be tried."

Immediately the defense requested that this issue be tried by a jury and the court so ordered. Then it was noted that since the trial of the issue of defendant's present sanity probably would not be completed that afternoon, the day being a Friday, since the jury had been summoned from their deliberations on the issue of defendant's guilt, it would be necessary to keep the jury united over the week-end and until the completion of the hearing of evidence as to defendant's present sanity. The court then vacated its order suspending proceedings and instructed the jury to resume deliberations as to the issue of defendant's guilt, saying:

"The Court is making *this* order primarily in order to obviate the necessity of keeping the jury tied up over the week-end. And, after your lunch, or your noonday meal, of course, you will resume your deliberations just where you left off before you were called back into Court the first time, and it is possible that the case will be resumed Monday morning."

Thereafter the jury retired and later returned with its verdict finding that defendant was guilty of the offense charged.

On the following Monday morning, the trial of the issue of defendant's sanity at the time of the commission of the offense was commenced. Throughout this trial, defendant interrupted the proceedings with disturbances at the counsel table, at times shouting in a loud voice. The jury returned its verdict finding the defendant to be sane at the time of the commission of the offense and was discharged from further service. At no time was a hearing held as to the defendant's sanity within the meaning of Penal Code, section 1368, and

the issue raised by the court's announcement that it had a doubt as to the defendant's sanity within the meaning of this Penal Code section has never been disposed of.

Penal Code, section 1368, provides: "If at any time during the pendency of an action and prior to judgment a doubt arises as to the sanity of the defendant, the court must order the question as to his sanity to be determined by a trial . . . and, from the time of such order, all proceedings in the criminal prosecution shall be suspended until the question of the sanity of the defendant has been determined . . ."

A defendant is sane within the meaning of this section if he is able to understand the nature and purpose of the proceedings taken against him and to assist in his own defense in a rational manner. (*People* v. *Gomez,* 41 Cal.2d 150, 158 [258 P.2d 825]; *People* v. *Aparicio,* 38 Cal.2d 565, 567 [241 P.2d 221].)

"The 'doubt' mentioned is one that must arise in the mind of the trial judge, rather than in the mind of counsel for the defendant or in that of any third person." (*People* v. *Lindley,* 26 Cal.2d 780, 789 [161 P.2d 227].)

Here, the trial judge in express terms stated that a doubt had arisen in his mind as to defendant's sanity within the meaning of Penal Code, section 1368. We must assume that the judge performed his duty in stating that a doubt had arisen in his mind and that sufficient evidence had been presented to the court to form a basis for the court's determination. (*People* v. *Grace,* 77 Cal.App. 752, 759 [247 P. 585].) Although the court later vacated its order that an immediate hearing be held as to the issue of defendant's present sanity, the record does not indicate that the doubt which had arisen in the mind of the trial judge had been dispelled. Nor is there any indication in the record that the defendant had waived a hearing and determination as to his present sanity. Therefore, since a doubt of the defendant's sanity at the time of trial as contemplated by the statute appears in the record as a matter of law, the failure to order a determination of the question of present sanity resulted in a miscarriage of justice and a reversal is required. (*People* v. *Grace, supra; People* v. *Hensley,* 101 Cal.App.2d 744, 748 [226 P.2d 385].) The statute provides that when a doubt arises in the mind of the court as to defendant's sanity, the court must order the question as to his sanity to be determined by a trial and that until this issue is determined all proceedings in the criminal prosecution shall be suspended. The language of the section is mandatory and

self-executing. After announcing that a doubt had arisen in the court's mind and ordering that the issue of defendant's present sanity be determined by a trial, the court was not thereafter authorized to summarily dispose of the issue by merely setting aside its own earlier order. (*People* v. *Grace, supra,* 77 Cal.App. 752, 762.)

Appellant presents other claimed errors which he contends occurred in the trial that ended in his conviction, but under the circumstances we deem it unnecessary to refer to or dispose of them, since it is evident that in a retrial of the case the errors will not recur.

Judgment reversed and cause remanded for new trial.

Shepard, J., and Shea, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.